## BOEKE, Respondent, v. SMITH, Appellant.

### (208 N. W. 173.)

(File No. 5721.   Opinion filed April 5, 1926.)

1. **Drains—Increased Cost of Laying Large Tile to Same Depth as Planned for Smaller Cannot Be Determined by Considering Cost of Laying Each, at Different Depths.**

   Where plaintiff, to afford drainage for defendant's land as agreed, laid larger tile than planned, increased cost of laying such tile at same depth as was planned for smaller could not be determined by considering cost of laying each size at different depths.

2. **Drains.**

   Award to plaintiff for expenditure in tiling, so that neighbor could use drain as agreed, held excessive.

---

Note.—See, Headnote (1) and (2), American Key-Numbered Digest, Drains, Key-No. 60, 19 C. J. Sec. 49 (Anno.).

Appeal from Circuit Court, Beadle County; HON. ALVA E. TAYLOR, Judge.

Action by Charles Boeke against Arthur Smith. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed, on condition of remittitur.

*Kelley, Byrnes & Markey,* of Huron, for Appellant.

*Gardner & Churchill,* of Huron, for Respondent.

MORIARTY, C. In the year 1920 appellant and respondent owned adjoining lands in Beadle county. Some land on each tract required drainage. About the month of June, in that year, respondent was arranging to put in a drainage system on his land. While this work was in contemplation, respondent and appellant had certain conversations in which the fact was discussed that appellant's land could be drained by using respondent's tile as an outlet. It was agreed that this should be done, but, in view of the fact that larger tile would be required to carry off the water from

both tracts than to carry it off from respondents' land alone, it' was agreed that respondent should receive some compensation for making the necessary changes in size of tile. The increase of size which would be required to accommodate the additional flow was left to the judgment of the engineer in charge, and there is no dispute as to that.

The principal conflict of evidence is concerning the terms of the agreement. Appellant testified that respondent said he would have the necessary changes made for a payment of $175 from appellant. Respondent says that he agreed to have the changes made if the appellant would pay the actual expense incurred in securing and laying the larger tile required.

It is admitted that appellant paid $250 to respondent on this account. Respondent brought this suit to recover $289.64, alleging that the additional expense incurred by him in making the changes was the sum of $539.64.

The case was tried to a jury, which returned a verdict in favor of respondent for $288.12. From the judgment entered in accordance with said verdict, and from the order denying a new trial, this appeal is taken.

Appellant's brief presents numerous assignments of error dealing with rulings upon objections to evidence and with the alleged insufficiency of the evidence to support the verdict; but we do not find it necessary to consider many of these assignments.

In finding in favor of respondent the jury necessarily found that respondent's contention as to the agreement was correct. Had they found that appellant was to pay $175, the verdict would necessarily be for the appellant, as he had already paid more than that amount. There was no prejudicial error in any ruling affecting that phase of the case.

This leaves for consideration only the question: How much additional expenditure was made because of the necessary changes? There is no dispute as to the number of feet of 12-inch tile that was substituted for 10-inch, 10-inch for 8-inch, etc. Nor is there any dispute as to the prices paid for the different sizes. This evidence establishes clearly that the additional cost occasioned by the purchase of the large tile was $353.22.

[1]   The determination of the increased cost of laying the larger tile, however, presents a more serious question.   A certain writing (Exhibit 4) was admitted in evidence.   This showed the charge per 100 feet which respondent paid for laying each size of tile.   Respondent's counsel argues, and the trial court apparently accepted the theory, that this was evidence tending to prove the additional expense of laying occasioned by the changes made for appellant's benefit.   This theory is not correct.   The 12-inch tile was laid where the 10-inch was originally planned, and the 10-inch where the original plan called for 8-inch.   But the 12-inch, although laid at the same depth originally planned for the 10-inch, was laid at a greater depth than was the 10-inch, which was laid at the depth originally planned for the 8-inch.   Therefore the cost of laying the 12-inch, as compared with that of laying the 10-inch, includes the cost of digging and filling a deeper ditch, which would have to be dug to the same depth if no change had been made.   Therefore the exhibit is not evidence of the additional cost actually due to the change in the size of tile.

[2]   The only evidence tending to show the actual additional cost of laying, occasioned by the change in size of tile, is that of the engineer, who was a witness for respondent.   His estimate of the increased cost was a total of $88.65.   This with the additional cost of tile, $353.22, makes a total of $441.87, as the entire additional expenditures made by respondent for appellant's benefit. Deducting from this the sum of $250 paid by the appellant leaves a balance of $191.87, and there is no evidence to support any verdict in excess of that amount.

If, within 30 days after the handing down of this decision, the respondent files with the clerk of this court his election to remit the amount of his judgment in excess of $191.87 and interest, together with costs, the case will be remanded, with instructions that the trial court reduce the judgment to that amount, and, as so reduced, it will stand affirmed, and no costs will be taxed on this appeal; otherwise the judgment will be reversed, with costs to appellant.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.